No. 25,830.

E. W. HAMSON LUMBER COMPANY, *Appellee*, v. (KATIE B. GALLIGAN née KATIE B. NORRIS, and CHARLES GALLIGAN) JACOB HANSON and LOUISE E. HANSON, Interveners, *Appellants*.

SYLLABUS BY THE COURT.

JUDGMENT—*Motion to Set Aside Default.* In an action to recover on account for a bill of lumber the plaintiff obtained judgment by default against the purchaser of the lumber; also an order for the sale of the property on which the lumber had been used, notwithstanding the purchaser of the lumber had conveyed the property by warranty deed before the action was filed. After sheriff's sale and issuance and recording of a sheriff's deed, the owners of the property (grantees under the warranty deed), who were not parties to the action, moved to intervene and set aside the judgment in so far as it affected their property. *Held,* error to deny consideration of their motion.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. The opinion filed April 11, 1925. Reversed.

*K. W. Pringle, Charles P. Embry, George Austin Brown,* and *H. H. Stephenson,* all of Wichita, for the appellants.

*Benjamin F. Hegler,* and *A. V. Roberts,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover for a bill of lumber. The plaintiff secured judgment against the purchaser of the lumber, also an order for the sale of the property on which the lumber had been used, notwithstanding the purchaser of the lumber had conveyed the property by warranty deed before the action was filed. After sheriff's sale, and issuance and recording of a sheriff's deed, the owners of the property (grantees under the warranty deed), who were not parties to the action, asked leave to intervene, and moved to set aside the judgment in so far as it affected their property. The application and motion were overruled and they appeal.

The motion of the interveners was verified. Among other things, it alleged that the plaintiff had not filed a mechanic's-lien statement in the office of the clerk of the district court; that the defendants, neither at the time of the commencement of the action nor at any time subsequent, owned the property or any interest therein; that the interveners purchased the property by good and sufficient warranty deed from the defendants Galligan for a consideration of $3,200 on November 28, 1919; that the deed was recorded November

29, 1919, and that the interveners were both the legal and equitable owners of the property at the time of filing the petition, April 15, 1920, (copy of the deed was attached to the motion) ; that they had had either actual possession or possession by tenant of the property since December 1, 1919, and were still in possession of the property at the date of filing the motion; that they were not original parties to the suit; were not served with summons of any kind; that they made no appearance except for the purpose of this motion, and prayed that the judgment, in so far as it affected their property, be set aside, held to be null and void, and that the sheriff's deed issued in pursuance thereof be held to be null and void.

The plaintiff filed a verified answer, denying the allegations of the motion and alleging that the Hansons were estopped from asserting any claim they might have in the property because the application to intervene had not been filed within one year from the time of the rendering of the judgment. It alleged further that the interveners knew of the pending litigation, and that the Hansons conspired with the Galligans to defeat the claim of plaintiff.

The interveners offered proof to sustain the allegations of their motion, which was denied by the court on the ground that the court had no jurisdiction to consider the motion.

The plaintiff argues that, "If the interveners have rights in the property, as they now claim, it would be very simple for them to file an action in the courts to determine that right." Also that, "The interveners have persistently refused to pay for the materials that improved the property which they now claim to own, and in no way stand in a meritorious position before the court, seeking to obtain property without paying for the improvements placed thereon." It also argues that since the interveners were not parties to the action, they are in no way affected by the judgment and sale of the property. Various authorities cited by the parties to sustain their contentions have been considered, but need not be analyzed. The facts presented warranted the court in considering and deciding the controversy presented by appellants' motion. No good reason is advanced why the appellants should be required to prosecute a new and separate action to clear the cloud from their title. The procedure adopted by them was the simplest and most direct method to set aside the judgment. Court procedure, which is simple and direct, which, so far as is practicable, eliminates useless technicality, which gets at the controlling facts and does justice

with the least possible delay, is greatly to be desired. The motion should have been considered by the court, the facts ascertained, and such judgment entered as the facts might warrant.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.